UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  S3-4: 15 CR 00440 AGF/JMB |
| | ) | |
| SHONTELL HILL, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS INDICTMENT
ON THE GROUNDS OF VINDICTIVE PROSECUTION**

NOW COMES Defendant Shontell Hill, by and through her appointed counsel, Douglas P. Roller, and pursuant to Rule 12(b)(3)(B) hereby moves this Court for entry of an Order dismissing the Superseding Indictment in this case on vindictive prosecution grounds.  In support thereof, Defendant states as follows.

1.	The third superseding Indictment adds, for the first time, Shontell Hill as a Defendant in this case.  The government had previously indicted Shontell Hill in Case No. 16 CR 00082 JAR/NAB.  The Indictment in that case was in five counts, alleging bank fraud, passing counterfeit securities and aggravated identity theft. The events alleged in that Indictment occurred between August 9, 2014 and August 17, 2014, involved Shontell Hill's own account and only two counterfeit checks.[1]

---

[1] Pending at the time the government dismissed Indictment No. 16 CR 00081 was a Motion to Dismiss Counts Three and Four, the Aggravated Identity Theft Counts.  Although the August 9 to August 17, 2014 alleged bank fraud and counterfeit security violations are set forth in Count 1, 2 and 3 of the new Indictment, the Aggravated Identity Theft counts that were the subject of the Motion to Dismiss have not been realleged in the present Indictment.

2. Even before the arraignment in 16 CR 00081, AUSA Berry sent defense counsel an email stating the following:

> I am the prosecutor assigned to your client's case. Based upon the investigation by the US Secret Service and taped conversations between your client and Pierre Watson, an inmate of the jail at Jennings, we are aware that your client possesses quite a bit of information about Mr. Watson and his various fraudulent schemes. If she is interested in cooperating in our investigation, it is important that it be done with all speed.
>
> Please let me know if you are interested. If so, I will prepare a proffer agreement and Special Agent Kristen Scowcroft will schedule a proffer meeting on a day that is acceptable to you.

3. On April 22, 2016, Defendant sought additional time to file pretrial motions or a waiver thereof. On the same day, AUSA Berry sent counsel an email asking if the motion for an extension meant that Defendant was not interested in making a proffer. When defense counsel indicated "not necessarily," the AUSA responded, "As the trial for Mr. Watson is slated for 6/6, speed is essential in determining the substantiveness of your client's cooperation. Attached is a copy of the proffer agreement. Please let me know if there is anything else we can do to expedite these matters."

4. On May 5, 2016, Defendant filed a number of pretrial motions, including a Motion to Dismiss the two Aggravated Identity Theft counts for failure to state a cause of action. The next day, AUSA Berry emailed defense counsel that, "I take it from these [pretrial motions] that your client is not interested in cooperating. Is that correct." Defense counsel replied, "I'm not going to have her plead to a mandatory minimum of 2 years on a $200 loss, particularly when Counts 4 and 5 are defective and 5 is totally bogus. Dismiss 4 and 5 and she will cooperate."

4. Thereafter, AUSA Berry stated she would not dismiss the Aggravated Identity Theft count and would send a draft plea agreement consistent with her position, in contemplation

of a *Frye* hearing concerning Defendant's anticipated rejection of the plea agreement. On May 12, 2016, AUSA Berry sent the promised plea agreement.

5.  On May 15, 2016, defense counsel sent an edited version of the draft plea agreement, eliminating the Aggravated Identity Theft counts and stated that Defendant would plead to the edited agreement. On the same day, AUSA Berry rejected the edited agreement.

6.  *Three days later*, defense counsel received a copy of the following email from AUSA Berry to Judge Ross' clerk:

> Will you please pass on the following information to Judge Ross in the Shontell Hill case?
>
> As a result of further investigation, the US Attorney's Office decided to file additional charges against Shontell Hill. Since these additional charges involve Pierre Watson who has related charges in criminal information 15CR440 AGF/JMB, it was decided to supersede Mr. Watson's indictment to include Ms. Hill's related conduct. As a result, if the grand jury returns a superseding indictment in Mr. Watson's case, the government intends to dismiss the indictment that is currently pending in your courtroom.
>
> Please let me know if you have any questions or concerns about our proposed course of action.

7.  Later the same day, counsel was informed that Defendant had been indicted in a superseding indictment in this case and additional charges were included. Of noteworthiness is the fact that although the conduct alleged in the old indictment was realleged in this case, the two Aggravated Identity Theft counts that were the subject of a motion to dismiss ***were not included*** in the superseding indictment.

8.  The facts set forth above establish without question that the indictment of Defendant in a different pending case on all but the two Aggravated Identity Theft counts from the prior indictment as well as additional totally separate charges after Defendant exercised her constitutional right not to plead guilty to the defective Aggravated Identity Theft counts constitutes

3

vindictive prosecution in violation of Defendant's Due Process rights. As a consequence the Indictment against Defendant in this case must be dismissed.

WHEREFORE, for the foregoing reasons and those set forth in the accompanying Memorandum of Law, Defendant respectfully submits that her Motion to Dismiss the Superseding Indictment on the grounds of vindictive prosecution should be granted.

Respectfully, submitted,

/s/Douglas P. Roller
Douglas P. Roller #50262MO
Roller Law Office LLC
325 North Kirkwood Rd. – Suite G5
Kirkwood, Missouri 63122
(314) 645-7228
(314) 685-8014 (fax)
(314) 368-6368 (cell)
d.roller@rollerlawofficellc.com

*Attorney for Defendant Shontell Hill*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 14th day of June, 2016, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record:

/s/ Douglas P. Roller

4