UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  S3-4: 15 CR 00440 AGF/JMB |
| ) | |
| SHONTELL HILL, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPOT OF MOTION
TO DISMISS INDICTMENT ON THE GROUNDS OF VINDICTIVE PROSECUTION**

NOW COMES Defendant Shontell Hill, by and through her appointed counsel, Douglas P. Roller, and pursuant to Rule 12(b)(3)(B) hereby moves this Court for entry of an Order dismissing the Indictment in this case on vindictive prosecution grounds.  In support thereof, Defendant states as follows.

The Due Process Clause protects defendants from vindictive treatment based on the exercise of a constitutional or statutory right.  "Vindictiveness in this context means the desire to punish a person for exercising his rights." *United States v. Barner*, 441 F.3d 1310, 1315 (11th Cir. 2006) (citing *United States v. Goodwin*, 457 U.S. 368, 372 (1982)).

A superseding indictment "supports a presumption of vindictiveness when the additional charges are based on the same conduct that was the subject of the first indictment, when the same sovereign is involved, and most importantly, when the decision to file increased charges directly followed the assertion of a procedural right." *United States v. Garza-Juarez*, 992 F.2d 896, 907 (9th Cir. 1993); *Adams v. Ricketts*, 865 F.2d 1011, 1018 (9th Cir. 1983) (en banc).

The facts in this case, as set forth in the accompanying motion, clearly establishes that the new superseding indictment in the present case, with additional charges, was brought because Defendant exercised her constitutional right to not plead guilty to unfounded charges in the first case. Thus, Defendant has proven "objectively, that the prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allowed him to do." *United States v. Goodwin*, 457 U.S. 368, 384 (1982).

The law is clear that "a federal court may dismiss an indictment if the accused produces evidence of actual prosecutorial vindictiveness sufficient to establish a due process violation, or if he demonstrates a likelihood of vindictiveness sufficient to justify a presumption." *United States v. Stokes,* 143 F.3d 39, 45 (1st Cir. 1997).

Defendant respectfully submits that the facts in this case demonstrate clearly that the Defendant is being subjected to a vindictive prosecution as a result of the assertion of her right to not accept a plea bargain, not testify against another and go to trial. For these reasons, the Indictment in this case against Defendant Shontell Hill must be dismissed.

Respectfully, submitted,

/s/Douglas P. Roller
Douglas P. Roller #50262MO
Roller Law Office LLC
325 North Kirkwood Rd. – Suite G5
Kirkwood, Missouri 63122
(314) 645-7228
(314) 685-8014 (fax)
(314) 368-6368 (cell)
d.roller@rollerlawofficellc.com

***Attorney for Defendant Shontell Hill***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 14th day of June, 2016, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record:

/s/ Douglas P. Roller